FILED
CHARLOTTE, NC
MAR 06 2009
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : Civil Action No. 5:09cv22 |
| v. | : |
| SHELBY DEAN MARTIN, D. MARTIN ENTERPRISES, INC. and DM VENTURES, LLC, | : |
| Defendants. | : |

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER PROHIBITING DESTRUCTION OF DOCUMENTS AND ORDER EXPEDITING DISCOVERY

Upon the Motion of the Securities and Exchange Commission ("Commission"), upon the Certification of the Commission submitted pursuant to Rule 65(b) and (d) of the Federal Rules of Civil Procedure, and upon the Complaint in this action and supporting documents relied on and submitted therewith, and it appearing from the allegations set forth in the papers submitted by the Commission that the defendants Shelby Dean Martin ("Martin"), a resident

of Mooresville, North Carolina, D. Martin Enterprises, Inc. ("DM Enterprises") and DM Ventures, LLC ("DM Ventures"). (collectively "Defendants") pending final determination of this action may, unless restrained, continue to engage in acts and practices which constitute violations of Sections 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and ]77q(a)(1)-(a)(3)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] thereunder, and with respect to Martin, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act")[15 U.S.C. 80b-6(1) and(2)] and that the defendants may dissipate funds fraudulently obtained, and it appearing that adequate grounds exist for the issuance of this Order,

## I.

**IT IS HEREBY ORDERED** that defendants show cause, if any there be, before Judge _Voorhees_ of this Court, at _1:30_ o'clock in the _pm_ on the _13th_ day of _March_, 2009 in Courtroom _1_ of the _Statesville Courthouse_, located at _200 W Broad St_____, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted, as requested by the Commission.

2

## II.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery as follows:

A. The Commission may take depositions upon oral examination subject to three days notice prior to expiration of 30 days after service of the Summons and Complaint upon Defendants, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the Defendants shall produce all documents within three days of service of such request;

C. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all of the Commission's requests for admissions within three days of service of such request;

D. The Commission may serve discovery by facsimile or by any other means provided for within the Federal Rules of Civil Procedure;

E. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Commission at 3475

Lenox Road N.E., Suite 500, Atlanta, Georgia 30326-1232, or such other place as counsel for the Commission may direct, by the most expeditious means available, including facsimile.

## III.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Preliminary Injunction, the assets of defendants Martin, DM Enterprises and DM Ventures, be, and hereby are, frozen. The freeze shall include but not be limited to those funds located in any bank accounts of the defendants. In addition, proceeds derived from the securities offerings alleged in the Commission's complaint remaining in the custody and control of defendants Martin, DM Enterprises and DM Ventures, including real property, are hereby frozen regardless of where said proceeds are located. Furthermore, to the extent that Martin, DM Enterprises or DM Ventures owns and/or controls any sole proprietorship and or other companies regardless of whether there exists any formal business formation, the asset freeze shall apply to assets of those companies. Pending determination of the Motion for Preliminary Injunction, defendants Martin, DM Enterprises or DM Ventures, their officers, agents, servants, employees, attorneys, and all persons in active concert or

4

participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said Defendants. This Court further enjoins any disbursement by defendants Martin, DM Enterprises or DM Ventures, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the sales of securities described in the Complaint.

## IV.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Preliminary Injunction, all Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any

facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1)   employing any device, scheme or artifice to defraud;

(2)   engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

(3)   obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

(4)   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. 240.10b-5], thereunder]

## V.

**IT IS FURTHER ORDERED** that Defendant Martin and his agents, servants, employees, attorneys and those persons in active concert or participation

with them, who receive actual notice of this Order, by personal service, facsimile or otherwise, and each of them, be and hereby are, restrained from violating or aiding and abetting violations of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. 80b-6(1) and (2)], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails

## VI.

IT IS FURTHER ORDERED that, pending determination of the Motion for Preliminary Injunction, Defendants and their officers, agents, employees, servants, attorneys, any bank or financial institution holding any assets of the defendants and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, electronic data, email, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the Defendants, or which reflect the transactions described in the Commission's Complaint.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

Service of this Order shall be effected upon Defendants or their controlling persons, attorneys or registered agents personally, by facsimile, by overnight courier, or by mail on or before the 6th day of March, 2009 at or before 7 p.m.

Dated: March 6, 2009. 12:39 p.m.

_____
UNITED STATES DISTRICT JUDGE