UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SHELBY DEAN MARTIN, D. MARTIN ENTERPRISES, INC. AND DM VENTURES, LLC,<br><br>　　　　　　　　　　Defendants. | C.A. No. 5:09-CV-22 |

**CONSENT ORDER GRANTING PRELIMINARY INJUNCTION, FREEZING ASSETS AND ORDERING OTHER ANCILLARY RELIEF**

The Securities and Exchange Commission having filed a Complaint and Defendants Shelby Dean Martin ("Martin"), D. Martin Enterprises, Inc. ("DM Enterprises") and DM Ventures, LLC ("DM Ventures") (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Consent Order without admitting or denying the allegations of the Complaint (except as to jurisdiction); and waived findings of fact and conclusions

3

of law:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Consent Order by personal service or otherwise are until further order of the Court restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Consent Order by personal service or otherwise are until further order of the Court restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Martin and Defendant Martin's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Consent Order by personal service or otherwise are until further order of the Court restrained and enjoined from violating or aiding and abetting violations of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. 80b-6(1) and (2)], by, while acting as an investment adviser, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth

herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pending further order of the Court in this matter, all assets of, or under the control of defendants are frozen, except as otherwise specified herein. Pending entry of the Final Judgment, Defendants, their officers, agents, servants, employees, attorneys, and all person in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said defendants. This Court further enjoins any disbursement by Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from Defendants' scheme alleged in the Commission's complaint. The freeze shall include but not be limited to those funds located in any bank accounts, brokerage accounts, and any other accounts or

property of Defendants. Nothing in this order shall prevent Defendant from obtaining employment in the future and any earnings from that employment shall be segregated from any frozen accounts and shall not be subject to this freeze, provided that no employment or earnings may be derived from any entity under his control.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the parties may take expedited discovery as follows:

(a)   The Commission and Defendants may take depositions upon oral examination and subpoena documents and testimony from third parties subject to three days notice prior to expiration of 30 days after service of the Summons and Complaint upon defendant, pursuant to Rules 30-(a) and 45 of the Federal Rules of Civil Procedure;

(b)   Pursuant to Rule 34 of the Federal Rules of civil Procedure, upon request of the Commission, the Defendants shall produce all documents within three days of service of such request;

(c)   All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the

Commission at 3475 Lenox Road, N.E., Suite 1000, Atlanta, Georgia 30326-1232, or such other place as counsel for the Commission may direct, by the most expeditious means available.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Consent Order.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Consent Order forthwith and without further notice.

Dated: 3-19, 2009
2:55 p.m.

UNITED STATES DISTRICT JUDGE