IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:09-CV-22

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| SHELBY DEAN MARTIN, D. MARTIN ENTERPRISES, INC. and DM VENTURES, LLC, | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER APPOINTING RECEIVER WITH LIMITED POWERS

**THIS CAUSE**, coming on to be heard and being heard before Richard L. Voorhees, United States District Court Judge for the Western District of North Carolina, upon the Plaintiff's Motion Seeking Order Directing Assets of Shelby Dean Martin to be Paid to the Federal Treasury, Defendant Shelby Dean Martin's Response and Plaintiff's Reply.

Based upon the record herein, the Court makes the following FINDINGS OF FACT:

## PROCEDURAL HISTORY

Plaintiff filed this case on March 6, 2009 against Defendants Shelby Dean Martin (hereinafter "Defendant Martin"), D. Martin Enterprises, Inc. and DM Ventures, LLC (hereinafter collectively referred to as "Defendants"), seeking relief for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10b(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

thereunder [17 C.F.R. § 240.10b-5] and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Adviser Act") [15 U.S.C. § 80b-6(1) and (2)]. The Plaintiff sought and obtained emergency relief at that time, which among other things, froze the assets of the Defendants. Subsequently, as a result of certain asset sales, Defendant Martin's criminal defense attorney holds in his escrow account the sum of $151,314.00 as proceeds of the sale of Defendant Martin's frozen assets. The purpose of this Order is to facilitate the distribution of those funds to the Defendants' victims.

On December 21, 2009, the Court entered an Order of Permanent Injunction and Other Relief as to the Defendants (hereinafter "Order of Permanent Injunction"). The Order of Permanent Injunction, to which the Defendants consented, permanently enjoins the Defendants from future violations of the anti-fraud provisions identified herein above and permits the Court to impose disgorgement, pre-judgment interest and civil penalties upon motion of the Commission without regard to the standards for summary judgment.

On November 18, 2010, the Court entered an Order Setting Disgorgement and Civil Penalties against Defendants Shelby Dean Martin, D. Martin Enterprises, Inc. and DM Ventures, LLC (hereinafter the "Order"). As set forth in the Order, Defendants were disgorged of the sum of $428,000.00, plus post-judgment interest, as well as $42,382.78 in pre-judgment interest, and ordered to pay a civil penalty, jointly and severally, in the sum of $130,000.00. Additionally, the Court ordered the distribution of the frozen assets to the Defendants' victims.

**DISTRIBUTION**

Plaintiff has provided the Court with a list of victims of Defendant Martin's scheme that was generated from questionnaires sent to a list of victims prepared by the North Carolina Secretary of State's Securities Division. That list, containing the names and addresses of the victims, as well as the figures each reported as the amount they invested and received back from the Defendants, shows that 199 investors had losses totaling $16,606,288.00. Since the total available for distribution is $151,314.00, the pro rata share for each investor is 0.911% of their net investment (total invested-total returned), less the cost of distribution (e.g., the cost of the Receiver, its attorneys and accountants).

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. That William Walt Pettit be and he herewith is appointed as Receiver in this matter for Defendants with the limited powers set forth herein without bond. Defendants Martin, Martin Enterprises, Inc., and DM Ventures, LLC and their assets are collectively referred herein as "The Receiver Estate." No person holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver. All persons, including but not limited to, the Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the assets of Receivership Estate and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court.

2. The Receiver shall possess all the powers and rights to administer and manage the Receivership Estate, including but not limited to, the power and authority to:

    a. take custody, control and possession of all records, assets, funds, property premises and other materials of any kind in the possession of or under the direct or indirect control of the Receiver Estate and, until further order of this Court;

    b. conduct business operations of Defendants Martin, D. Martin Enterprises, Inc. and DM Ventures, LLC and the entities they control, including the collection of rents or continuation and termination or any employment arrangement and all other aspects of any active business operation;

    c. make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receiver Estate;

    d. receive and collect any and all sums of money due or owing to Defendants Martin, D. Martin Enterprises, Inc. and DM Ventures, LLC whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance, administration and operation of the Receiver Estate;

    e. open bank accounts or other depository accounts, in the name of the Receiver on behalf of the Receiver Estate;

    f. prepare any and all tax returns and related documents regarding the assets and operation of the Receiver Estate; and

    g. take such other actions as may be approved by this Court.

3. That Defendants and their officers, agents, servants, employees, attorneys, and all persons who have had any type of business or personal relationship with any of them, who receive actual notice of this Consent Order, shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery and turn-over to the Receiver of the following:

    a. all assets and other materials of the Receiver Estate in the possession or under their control, as well as the name and contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receiver Estate;

    b. business records of any kind, whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records and brokerage or other depository records;

    c. such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

4. That any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of: (a) any brokerage or depository accounts or other assets of the Receiver Estate; or, (b) accounts into which proceeds of the subject investment offering(s) have been deposited; (c) accounts or assets under the direct or indirect control of any Defendant, or (d) other tangible or intangible assets under the direct or indirect control of any Defendant, who receives actual notice of this Consent Order, shall:

    i. freeze such accounts, funds or assets;

  ii. within five (5) business days of receipt of such notice, file with the Court and serve on the Receiver and counsel for the Commission and for the Defendants a certified statement setting forth, with respect to each such account or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

  iii. promptly cooperate with the Receiver to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of the Receiver Estate; and

  iv. provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets about which a determination of ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets.

5. That the Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estate. The Receiver is also hereby authorized to employ such employees, accountants, consultants, attorneys and other professionals, including employees of his own professional firm, as are necessary and proper for the administration of the Receiver Estate and the performance of his duties as set forth herein. The Receiver shall seek and obtain the approval of the Court prior to disbursement of professional fees and expenses to himself, his firm or his counsel, by presentation of a written application therefore, and after consultation with the Commission and counsel for the Defendants. All costs incurred by the Receiver shall be paid from the Receiver Estate. Upon notice to all parties in this case, the Receiver may submit a proposed order

regarding an administrative process for the approval and payment of professional fees and expenses consistent with this provision.

6. That except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

7. That this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants, named in the first paragraph of this Consent Order, above, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

8. That this Consent Order will remain in effect until modified by further order of this Court.

9. That this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED.**

Signed: August 30, 2011

Richard L. Voorhees
United States District Judge