IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-CV-00022-RLV-DSC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| SHELBY DEAN MARTIN, D. MARTIN ENTERPRISES, INC., and DM VENTURES, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff SEC's Motion for Order Directing that Assets of Shelby Dean Martin be Paid to the Federal Treasury. (Doc. 26.)

## I. PROCEDURAL HISTORY

On March 6, 2009, the SEC filed its Complaint against Defendants Shelby Dean Martin ("Martin"), D. Martin Enterprises, Inc., and DM Ventures, LLC, alleging violations of Section 10(b) of the Exchange Act, Rule 10b-5, Section 17(a) of the Securities Act, and Section 206(1) and (2) of the Investment Advisers Act. (Doc. 1.) The Court thereafter entered a Consent Order granting the parties' Motion for Permanent Injunction, allowing the Court to determine disgorgement, prejudgment interest, and civil penalties upon motion of the SEC without regard to summary judgment standards. (Doc. 23.) On November 18, 2010, the Court entered an Order Settling Disgorgement and Civil Penalties, in which Defendants were ordered to disgorge $428,000 plus post-judgment interest, $42,392.78 in pre-judgment interest, and to pay a civil penalty, jointly and severally, of $130,000.

## II. FACTUAL HISTORY AND ANALYSIS

After the Defendants' assets had been frozen by Order of the Court, Defendant Martin was permitted to sell his personal residence and place the proceeds into an escrow account pending the outcome of this case. (Doc. 21.) The proceeds, presently amounting to approximately $151,314 and generating nominal interest, were placed into and continue to be held in an escrow account controlled by Defendant Martin's criminal defense attorney. Believing that neither Defendant Martin nor his wife have additional assets, Plaintiff SEC now seeks to claim the funds in this escrow account.

Many investor-victims lost substantial sums to Defendants' Ponzi scheme, and according to the SEC's revised figures, if the escrow funds were to be distributed, each individual investor would receive only approximately 0.74 percent of his or her investment loss less the proportionate cost of administering the claims process. Moreover, victim losses were either self-reported, and thus were not based upon Martin's own records or upon bank records, or were not reported at all, as in the case of at least twenty-seven investors. Although some victims have since obtained judgments against Defendant Martin establishing amounts owed, the self-reports have proven inaccurate in the aggregate; investors have reported that $2.2 million were returned, yet bank records dating from January 1, 2004, to the filing date of Plaintiff SEC's Complaint indicate that approximately $18 million were returned to investors. Because the self-reported loss information is incomplete and conflicts with data available from bank records, and because of the number of investor-victims and limited restitutionary funds, a distribution of the funds would be impractical.

Defendant Martin has responded, moving the Court to instead direct the assets to the State of North Carolina in partial satisfaction of the criminal restitution obligations imposed by

2

the Iredell County Superior Court, which arose out of the same course of conduct. (Doc. 27.)

In its Reply, Plaintiff notes that it would be unfair to pay the frozen funds to the select few investors whose losses formed the basis of the State of North Carolina's criminal charges against Defendant Martin. (Doc. 28.) The Court agrees that the victims have equal priority and if the amount is to be distributed to victims, it should be distributed to all victims. The Court also agrees that this would be impractical.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff SEC's Motion for Order Directing that Assets of Shelby Dean Martin be Paid to the Federal Treasury be **GRANTED**. (Doc. 26.) All funds held in the above-referenced escrow account are to be paid to the U.S. Securities and Exchange Commission and thereafter deposited with the Crime Victims Fund in the United States Treasury.

Signed: March 30, 2012

Richard L. Voorhees
United States District Judge

3

Case 5:09-cv-00022-RLV -DSC   Document 31   Filed 03/30/12   Page 3 of 3