IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-CV-00022-RLV-DSC

SECURITIES AND EXCHANGE )
COMMISSION, )
                                Plaintiff, )
                                v. ) **ORDER**
SHELBY DEAN MARTIN, D. )
MARTIN ENTERPRISES, INC., )
and DM VENTURES, LLC, )
                                Defendants. )

**THIS MATTER** is before the Court upon Receiver Pettit's Report and Motion, filed on July 20, 2012. (Doc. 36.)

On March 30, 2012, the Court directed that funds presently held in escrow be paid to the U.S. Securities and Exchange Commission, and thereafter deposited with the Crime Victims Fund in the U.S. Treasury, partly in light of Plaintiff's belief at the time that Martin and his wife had no additional assets. (Doc. 31.) Receiver Pettit thereafter brought to the Court's attention a number of equity interests in both publicly traded and privately held entities owned by Martin, which Receiver represented as having potentially significant value. (Doc. 32.) In response, the Court, in an Order filed April 26, 2012, stayed its March 30 Order and directed Receiver to file a status report on or before June 5, 2012. (Doc. 33.) On June 12, 2012, and in response to Receiver's June 5 Status Report (Doc. 34), the Court stayed its March 30 Order an additional forty-five days, authorized Receiver to liquidate the publicly traded shares identified in the Report, and directed Receiver to file a second status report on or before July 20, 2012 (Doc. 35).

1

In satisfaction of this June 12 Order, Receiver has submitted his second Status Report in which he moves for authority to liquidate Defendants' shares in Virginia Uranium, Ltd., valued at $4,662.25, and in GlowBal, Inc., of undetermined value. (Doc. 36.)

**IT IS, THEREFORE, ORDERED** that Receiver Pettit's Motion for Authority to Close Estate be **GRANTED** in part and **DENIED** in part. (Doc. 36.) The Court's Order filed March 30, 2012, is hereby stayed four weeks from the date on which this Order is filed. Furthermore, Receiver, within two weeks from the date on which this Order is filed, shall (1) liquidate the two remaining equity interests and (2) file an application for (a) all attorney's fees and costs incurred to date as well as (b) anticipated fees and expenses required to distribute all personal property to the investor-victims (to be identified separately from fees and costs already incurred). Finally, the Court would hear from Plaintiff SEC as to whether the circumstances arising since the Court's March 30 Order justify deviating from the distribution plan articulated in that Order. Plaintiff SEC shall respond within seven days from the date on which Receiver's application is filed, and Receiver shall not distribute any assets pending further direction from the Court.

Signed: August 13, 2012

Richard L. Voorhees
United States District Judge