IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-cv-00022-RLV-DSC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **ORDER** ) |
| SHELBY DEAN MARTIN, D. MARTIN ENTERPRISES, INC., and DM VENTURES, LLC, | ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court upon Receiver Pettit's Motion for Attorneys' Fees (Doc. 40) and Supplemental Report (Doc. 41).

On March 30, 2012, the Court directed that funds presently held in escrow be paid to the U.S. Securities and Exchange Commission, and thereafter deposited with the Crime Victims Fund in the U.S. Treasury, partly in light of Plaintiff's belief at the time that Martin and his wife had no additional assets. (Doc. 31.) Receiver Pettit thereafter brought to the Court's attention a number of equity interests in both publicly traded and privately held entities owned by Martin, which Receiver represented as having potentially significant value. (Doc. 32.) In response, the Court, in an Order filed April 26, 2012, stayed its March 30 Order and directed Receiver to file a status report on or before June 5, 2012. (Doc. 33.) On June 12, 2012, and in response to Receiver's June 5 Status Report (Doc. 34), the Court stayed its March 30 Order an additional forty-five days, authorized Receiver to liquidate the publicly traded shares identified in the Report, and directed Receiver to file a second status report on or before July 20, 2012 (Doc. 35).

1

Receiver subsequently submitted his second Status Report and moved for authority to liquidate Defendants' shares in Virginia Uranium, Ltd., valued at $4,662.25, and in GlowBal, Inc., of undetermined value. (Doc. 36.) The Court granted Receiver's motion in part, directing Receiver to liquidate the remaining equity interests and to file an application for fees, and the March 30 Order was again stayed. (Doc. 37.) Receiver then discovered that an order of a Canadian court may be required before the Virginia Uranium shares (since converted by merger into shares of Virginia Energy Resources, Inc. ("VAE"), a publicly traded Canadian corporation) could be liquidated and requested that the March 30 Order be further stayed so as to permit an evaluation of the cost-effectiveness of efforts to liquidate such shares. (Doc. 38.) This request was granted via Text Order, entered August 24, 2012. Receiver has been instructed by the Court "not[ to] distribute any assets pending further direction from the Court." (Doc. 37 at 2.)

Counsel for Receiver has submitted its application for fees and reimbursement of expenses. (Doc. 40.) The time for filing objections to this motion has passed, and no party in interest has so filed. However, counsel has subsequently clarified that "the time set forth in the Application was intended to include the time to distribute all funds to the victims on a pro-rata basis and to close the case as set forth in the prior Report of Receiver." (Doc. 43 at 2.) Counsel for the SEC had previously notified the Court that there is "no reason to deviate from the plan in the March 30 Order," which directed that funds be deposited with the Crime Victims Fund. It appearing to the Court that the fees and expenses requested are fair and reasonable in light of the valuable services rendered and to be rendered, including the time required "to distribute all funds to the victims on a pro-rata basis," the Court hereby authorizes payment of attorneys' fees in the amount of $9,668.00 and expenses in the amount of $122.80. Consistent with this authorization, the Court here amends its March 30 Order and directs Receiver to distribute the funds to the

2

victims in this case on a pro rata basis, rather than to the Crime Victims Fund.

Additionally, Receiver reports his belief that the expenses to be incurred by the receivership estate to identify and retain legal counsel in Canada for the purpose of obtaining a Canadian court order compelling the Canadian transfer agent to transfer the VAE shares, having a current value of $5,112.17, to Receiver, combined with the commissions resulting from the liquidation of the shares as well as the currency exchange, will "at most result in nominal net gain" to the receivership estate. (Doc. 41 at 2.) The Court is inclined to agree given (1) VAE's accumulated deficit and cash-flow issues, *see* Va. Energy Res. Inc., Interim Financial Report, at 2–6 (Nov. 29, 2012), *available at* http://www.sedar.com, and (2) the withdrawal of legislative efforts this year to reconsider the matter of uranium mining in Virginia, *see* Cameron McWhirter, *Virginia Keeps Ban on Uranium Mining*, Wall St. J., Jan. 31, 2013. However, if the Virginia General Assembly were to lift the longstanding moratorium on uranium mining, such shares could have substantial value, and it would be inequitable to permit Defendant Martin such a windfall. Therefore, while Receiver is temporarily relieved of his obligation to liquidate the VAE shares because doing so may not be in the best interests of the receivership, the Court shall revisit the matter of these shares in three months' time.

**IT IS, THEREFORE, ORDERED** that Receiver's Motion for Fees be **GRANTED**. (Doc. 40.)

3

**IT IS FURTHER ORDERED** Receiver's Supplemental Motion be **GRANTED** in part and **DENIED** in part. (Doc. 41.) Receiver shall begin distributing the proceeds to the victims on a pro rata basis after payment of attorneys' fees and expenses, without recovering the VAE shares at this time. Receiver shall further submit within three months of the date on which this Order is filed a brief proposal regarding what should be done with these VAE shares.

Signed: April 1, 2013

*[Signature]*

Richard L. Voorhees
United States District Judge